**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4466**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

LAWRENCE DOE, JR.,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:12-cr-00128-MR-DLH-1)

---

Submitted: January 23, 2015        Decided: February 19, 2015

---

Before WILKINSON, KEENAN, and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Doe, Jr., pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2012). The district court found that Doe qualified for sentencing under the Armed Career Criminal Act ("ACCA") and sentenced him to 180 months in prison. Doe appeals, claiming that he lacked the requisite number of prior convictions to be sentenced under the ACCA. For the reasons that follow, we affirm.

In considering a district court's determination that a defendant is an armed career criminal, we review factual findings for clear error and legal conclusions de novo. United States v. Wardrick, 350 F.3d 446, 451 (4th Cir. 2003). Doe argues that, under Descamps v. United States, 133 S. Ct. 2276 (2013), and related cases, the district court erroneously determined that he had at least three prior convictions for burglaries committed on occasions different from one another. See 18 U.S.C. § 924(e)(1) (2012); U.S. Sentencing Guidelines Manual § 4B1.4(a) (2013).

Descamps, however, does not aid Doe. First it was permissible for the district court to determine that he had the requisite prior convictions. In this regard, Descamps did not overrule Almendarez-Torres v. United States, 523 U.S. 224, 228–35 (1998), which held that the fact of a prior conviction that

may increase a penalty may be found by the district court and does not need to be submitted to a jury and proven beyond a reasonable doubt. The Almendarez-Torres opinion remains authoritative. See United States v. McDowell, 745 F.3d 115, 124 (4th Cir. 2014) (stating that "Almendarez-Torres remains good law"), petition for cert. filed, __ U.S.L.W. __ (U.S. June 16, 2014) (No. 13-10640); United States v. Graham, 711 F.3d 445 (4th Cir.) ("[W]e are bound by Almendarez-Torres unless and until the Supreme Court says otherwise."), cert. denied 134 S. Ct. 449 (2013).

Moreover, our review of indictments and related documents discloses that Doe had at least three qualifying convictions that occurred on different occasions and arose out of separate and distinct criminal episodes. See United States v. Hobbs, 136 F.3d 384, 388 (4th Cir. 1998); United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995). Accordingly, we affirm Doe's sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED